**Rule 219.    Annual registration of attorneys.**

* * *

(d)     On or before July 1 of each year, all attorneys required by this rule to pay an annual fee shall file with the Attorney Registration Office a signed or electronically endorsed form prescribed by the Attorney Registration Office in accordance with the following procedures:

(1)     The form shall set forth:

***

(iii)     The name of each Financial Institution, as defined in Pa.R.P.C. 1.15(a)(4), within or outside this Commonwealth in which the attorney **[on May 1 of the current year or at any time during the preceding 12 months]<u>, from May 1 of the previous year to the date of the filing of the annual fee form,</u>** held funds of a client or a third person subject to Rule 1.15 of the Pennsylvania Rules of Professional Conduct. The form shall include the name and account number for each account in which the attorney held such funds, and each IOLTA Account shall be identified as such. The form provided to a person holding a Limited In-House Corporate Counsel License or a Foreign Legal Consultant License need not request the information required by this subparagraph.

**<u>For purposes of this subparagraph, the phrase "funds of a client or a third person subject to Rule 1.15 of the Pennsylvania Rules of Professional Conduct" means funds that belong to a client or third person and that an attorney receives:</u>**

**<u>(A)     in connection with a client-lawyer relationship;</u>**

**<u>(B)     as an escrow agent, settlement agent, representative payee, personal representative, guardian, conservator, receiver, trustee, agent under a durable power of attorney, or other similar fiduciary position;</u>**

**<u>(C)     as an agent, having been designated as such by a client or having been so selected as a result of a client-lawyer relationship or the lawyer's status as such;</u>**

**(D)** **in connection with nonlegal services that are not distinct from legal services;**

**(E)** **in connection with nonlegal services that are distinct from legal services, and the attorney knows or reasonably should know that the recipient of the service might believe that the recipient is receiving the protection of a client-lawyer relationship; or**

**(F)** **as an owner, controlling party, employee, agent, or as one who is otherwise affiliated with an entity providing nonlegal services and the attorney knows or reasonably should know that the recipient of the service might believe that the recipient is receiving the protection of a client-lawyer relationship.**

**Note: For purposes of subparagraph (iii), "funds of a third person" shall not include funds held in: 1) an attorney's personal account held jointly; or 2) a custodial account for a minor or dependent relative unless the source of any account funds is other than the attorney and his or her spouse.**

If an attorney employed by a law firm receives fiduciary funds from or on behalf of a client and deposits or causes the funds to be deposited into a law firm account, the attorney must report the account of deposit under this subparagraph **(iii)**.

(iv) Every account not reported under subparagraph (iii), that held funds of a client or **a** third **[party]** **person**, and over which the attorney had sole or shared signature authority or authorization to transfer funds to or from the account, during the same time period specified in subparagraph (iii). For each account, the attorney shall provide the name of the financial institution (whether or not the entity qualifies as a "Financial Institution" under Pa.R.P.C. 1.15(a)(4)), location, and account number.

**Note: Regarding "funds of a third person," see Note to Rule 219(d)(1)(iii).**

* * *

(3) Every attorney who has filed the form or elects to file the form electronically shall notify the Attorney Registration Office **in writing** of any change in the information previously submitted, including e-mail address, within

30 days after such change**, which notice shall be sent by mail or facsimile transmission, provided, however, that any change in the information required by subsections (d)(1)(iii), (iv) and (v) (collectively relating to financial account information) that occurs after the filing of the form required by subdivisions (a) and (d)(1) of this rule need only be reported on the next regular annual fee form due July 1.  Failure to timely register and file the next annual fee form shall not excuse this subsection's requirement of reporting changes in financial account information on an annual basis on or before July 1, and failure to make such a report shall constitute a violation of this rule.**

* * *